**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
**LAURA MCDANIEL and EDWARD MCDANIEL,**

|  |  |  |
|---|---|---|
| **Plaintiffs,** | **No:** | **1:20-cv-03649-VSB** |

    -against-

**REVLON, INC., Individually and as Successor-**
**in-Interest to JEAN NATE,**

                                    **Defendants.**
-----------------------------------------------------------------------X

**REVLON CONSUMER PRODUCT CORPORATION'S MEMORANDUM OF LAW IN**
**OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR REMAND**

Timothy M. McCann, Esq.
Elizabeth B. Kelly, Esq.
Ashley Anderson, Esq.
**HAWKINS PARNELL & YOUNG**
600 Lexington Ave, 8th Floor
New York, New York 10022
(212) 897-9655
tmccann@hpylaw.com
ekelly@hpylaw.com
aanderson@hpylaw.com
*Counsel for Defendant*
*Revlon Consumer Products Corporation*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................4

PRELIMINARY STATEMENT ...........................................................................5

RELEVANT FACTS AND PROCEDURAL HISTORY ....................................5

ARGUMENT .........................................................................................................8

   I.      REMAND IS UNWARRANTED BECAUSE REMOVAL WAS PROPER ............9

   II.     REVLON DID NOT VIOLATE THE FORUM DEFENDANT RULE...................10

     A.  "Snap Removal" By An In-State Defendant Is Permissible Prior To Service........10

     B.  Revlon Was Not Served Prior To Filing Its Notice Of Removal.......................11

     C.  Revlon Did Not Waive Its Right To Formal Service…………………………...12

     D.  Notice Was Properly Filed With The State Court Clerk Prior To Service
         Of The Complaint…....……………………………………………………………16

   III.    REVLON IS ENTITLED TO OPPOSE THE INSTANT MOTION AND
        IMMEDIATE REMAND IS UNNECCESARY .......................................................17

   IV.    PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS IS
        UNWARRANTED ....................................................................................................18

CONCLUSION .....................................................................................................19

**<u>TABLE OF AUTHORITIES</u>**

**<u>Case Law</u>**

*Alfred E. Mann Living Tr. v. ETIRC Aviation S.A.R.L.*,
   2010 NY Slip Op 7412, 78 A.D.3d 137, 910 N.Y.S.2d 418 (App. Div. 1st Dept.)…...13-15
*Bankers Trust Company of California, N.A. v. Steve Tsoukas*,
   303 A.D.2d 343, 756 N.Y.S.2d 92 (App. Div. 2nd Dept. 2003)…………………………11
*Butler v. King*,
   781 F.2d 486 (5th Cir. 1986)………………………………………………………...16
*Cheung v. Bristol-Myers Squibb Co.*,
   282 F. Supp. 3d 638, 642 (S.D.N.Y. 2017)……………………………………………8, 10
*City of Clarksdale v. BellSouth Telecomms., Inc.*,
   428 F.3d 206 (5th Cir. 2005)………………………………………………………...12
*Cohen v. Coleman*,
   110 Misc. 2d 419, 422, 442 N.Y.S.2d 834, 836-37 (Sup. Ct. 1981)………………………14
*Comunale v. Rackover*,
   2017 U.S. Dist. LEXIS 211066, at 6-7 (S.D.N.Y. Dec. 22, 2017)…………………………18
*Contitrade Servs. Corp. v. Eddie Bauer, Inc.*,
   794 F. Supp. 514, 516 (S.D.N.Y. 1992)………………………………………………8
*Excell, Inc. v. Sterling Boiler & Mech.*,
   916 F. Supp. 1063, 1064 (D. Colo. 1996)……………………………...………………18
*Gibbons v. Bristol-Myers Squibb Co.*,
   9191 F.3d 699 (2d Cir. 2019)………………………………………………………..8-10
*Hardman v. Bristol-Myers Squibb Co.*,
   No. 18-CV-11223 (ALC), 2019 U.S. Dist. LEXIS 65553 (S.D.N.Y. Apr. 17, 2019)……….16
*Maddaloni Jewelers, Inc. v. Rolex Watch U.S.A., Inc.*,
   2002 U.S. Dist. LEXIS 21730, at 10-11 (S.D.N.Y. Nov. 6, 2002)…………………….14-15
*Martin v. Franklin Capital Corp.*,
   546 U.S. 132, 141, 126 S. Ct. 704, 711 (2005)………………………………………18
*Meritcare Inc. v. St. Paul Mercury Ins. Co.*,
   166 F.3d 214 (3d Cir. 1999)………………………………………………………....17
*Murphy Bros. v. Michetti Pipe Stringing*,
   526 U.S. 344, 349-56, 143 L. Ed. 2d 448, 119 S. Ct. 1322 (1999)…………………………11
*Noel v. J.P. Morgan Chase Bank N.A.*,
   918 F. Supp. 2d 123 (E.D.N.Y. 2013)………………………………………………18
*Philip Morris USA Inc. v. Veles Ltd.*,
   No. 06 CV 2988 (GBD), 2007 U.S. Dist. LEXIS 19780, at 1 (S.D.N.Y. Mar. 12, 2007)…13
*Rio Props. v. Rio Int'l Interlink*,
   284 F.3d 1007, 1012 (9th Cir. 2002)………………………………………...……………13
*Robison v. Tom Cawley's Aviation Serv.*,
   No. 17 CV 3440, 2017 U.S. Dist. LEXIS 166579 (S.D.N.Y. Oct. 6, 2017)………………..12
*Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*,
   314 F. Supp. 2d 177, 180 (S.D.N.Y. 2003)………………………………………...10-11
*Stop & Shop Supermarket Co. LLC v. Goldsmith*, No. 10-CV-3052 (KMK),
   2011 U.S. Dist. LEXIS 35719 (S.D.N.Y. Mar. 31, 2011)………………………………...11

*Tech Hills II Assocs v. Phx. Home Life Mut. Ins. Co.*,
    5 F.3d 963, 968 (6th Cir. 1993)……………………………………………………..12
*United Food & Commercial Workers Union v. Center Mark Props. Meriden Square, Inc.*,
    30 F.3d 298, 301 (2d Cir. 1994)……………………………………………………17
*Vargas v. Stone Container Corp.*,
    144 F. App'x 365, 366 (5th Cir. 2005)……………………………………………17
*Vera v. Saks & Co.*,
    335 F.3d 109, 116 n.2 (2d Cir. 2003)………………………………………………9
*Whitaker v. Am. Telecasting, Inc.*,
    261 F.3d 196, 202 (2d Cir. 2001)…………………………………………………11

## **Statutes**

CPLR § 308………………………………………………………………………...11-13
CPLR § 311(a)……………………………………………………………………......12
N.Y. Bus. Corp. § 306(a)……………………………………………………………12
22 NYCRR § 202.5-b…………………………………………………………….14-15
28 U.S.C. § 1332……...…………………………………………………………....5; 8
28 U.S.C. § 1441……...……………………………………………………….5; 8-12
28 U.S.C. § 1446……………………………………………………….....……9; 10, 16
28 U.S.C. §§ 1447(c)……………………………………………………….....5; 17-18

## PRELIMINARY STATEMENT

Defendant Revlon Consumer Products Corporation (incorrectly sued herein as "REVLON, INC., Successor-Interest to JEAN NATE,") ("Revlon") by its undersigned counsel, respectfully submits this Memorandum of Law in Opposition to Plaintiffs' Emergency Motion to Remand and to recover attorneys' fees and costs incurred as a result of removal, pursuant to 28 U.S.C. §§ 1447(c) and 1441(b)(2). This matter has been properly removed and, as argued *infra*, it is respectfully requested that this Court dismiss Plaintiffs' motion in its entirety.

## RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiffs Laura and Edward McDaniel ("Plaintiffs") commenced this action by filing their products liability claims against Revlon in the Supreme Court of the State of New York, County of New York, on May 11, 2020 (the "Second State Court Action"). (*See* Summons and Complaint, Ex. A). On that day, prior to service of the Complaint on Revlon, Revlon removed the matter to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. (*See* Dkt. No. 1). On May 12, 2020, upon assignment of a State Court index number, Revlon formally filed the Notice with the State Court. On May 13, 2020, Plaintiff served the Summons and Complaint upon Revlon through the New York Secretary of State. (*See* Service of Process Notice, Ex. B).

Central to Plaintiff's motion to remand is the role of e-mail during the Covid-19 pandemic, but under any equitable scenario, the only conclusion is that remand was proper. When Revlon filed its Notice of Removal, it was not possible to file the Notice with the State Court, attributable to the Covid-19 pandemic and New York State's stay on all filings other than "essential matters". On that day at 4:36 p.m., counsel for Revlon emailed the special email address set up for essential filings, sfc-essentialmatters@nycourts.gov, with its Notice of Removal for filing and noted that an index number had not yet been assigned. In response at 4:41 p.m., the Court Clerk advised that,

"[a] Notice of Essential Filing is not needed for pre-existing cases.  You can e-file the docs."
Plaintiffs' counsel was **carbon copied** on this email.  (*See* May 11, 2020 Emails with Senior Court
Clerk of Supreme Court, Civil Branch, New York County, Ex. F).  Contrary to the Clerk's reply
email, an index number had not yet been assigned on May 11, 2020 and the Notice of Removal
could not be filed on that day.

On May 12, 2020 at 11:05 a.m., an index number was assigned, however the notifying
email from the New York County Supreme Court was only sent to Plaintiffs' counsel.  (*See* Exhibit
4 to Plaintiffs' Motion to Remand).  At 12:17 p.m. counsel for Revlon e-filed the Notice of
Removal with New York County Supreme Court.  (*See* Notice of Removal filed in NYS Court,
Ex. H).  On the same day at 11:47 a.m., Plaintiffs' process server emailed a copy of an Order and
the Summons and Complaint to Revlon's registered agent.  (*See* May 12, 2020 Emails between
Corporate Creations and Putnam Process Servers, Ex. G).  The following day, on May 13, 2020,
Plaintiff formally served the Summons and Complaint upon the Secretary of State.  In the Service
of Process Notice from Revlon's registered agent, they acknowledged the notice received via email
but affirmed the Complaint was "served upon" the Secretary of State on May 13, 2020:  "[p]lease
note this case was previously *forwarded to your attention* on: 5/12/2020.  This document was
*served upon the Secretary of State on 5/13/2020*…"  (*See* Ex. B) (emphasis added).

On May 13, 2020, Plaintiffs' counsel emailed the undersigned asserting the email with the
summons and complaint sent on May 12, 2020 constituted formal service and proposed stipulating
to remand.  In response, the undersigned respectfully advised Plaintiffs' counsel that formal service
was not made until May 13, 2020, that Revlon properly removed the Second State Court Action
*and* filed the Notice of Removal in New York County Supreme Court prior to formal service.
Moreover, the undersigned noted that Revlon had no intention of delaying Plaintiffs' deposition

and is amenable to scheduling the same as soon as practicable.  (*See* Emails with Plaintiffs' Counsel, Ex. I).  On May 19, 2020, Plaintiffs' counsel filed the instant motion to remand.  (*See* Dkt. No. 6).

Significantly, this is the second time Plaintiffs have filed this action, except Revlon is the sole defendant named in this second action.  Revlon is a Delaware corporation with its principal place of business in New York.  Plaintiffs previously alleged the same exact claims in the Supreme Court of the State of New York, County of New York, Index No. 190058/2020, against both Revlon and Whittaker, Clark & Daniels, Inc. ("WCD") on February 25, 2020 (the "First State Court Action").  (*See* Summons and Complaint from First State Court Action, Ex. C).  Counsel for WCD filed a Notice of Removal of the First State Court Action to this Court (Docket No: 20-CV-1711) on February 26, 2020.  (*See* Notice of Removal from First State Court Action, Ex. D).  Rather than moving to remand the matter back to State Court, Plaintiffs voluntarily moved to dismiss the action pursuant to Federal Rule of Civil Procedure 41(a)(2) alleging there would be no prejudice to any party if the matter was dismissed.  On May 5, 2020, this Court granted plaintiffs' motion.  (*See* Notice of Entry of Order, Ex. E).

Notably, WCD was a foreign defendant and properly removed the matter prior to service upon Revlon in the first action.  In granting Plaintiffs' motion to dismiss, the Court presumed dismissal was warranted because there was no "showing that defendants will suffer substantial prejudice as a result" and found Plaintiffs' met all five *Zagano* factors.  (*See* Ex. E).  Yet in filing the Second State Court Action, Plaintiffs omitted WCD as a named defendant entirely and solely commenced the action against Revlon.  By naming Revlon, a forum defendant, as the sole defendant here, Plaintiffs have affirmed Revlon will suffer substantial prejudice as a result of the first action being dismissed.  Omitting a non-forum defendant from the Second Complaint is also

patently inconsistent with their prior assertions to this Court that they merely sought speedy adjudication of their claims without any unwarranted vexatiousness.

## ARGUMENT

Revlon is highly cognizant of the unique and unprecedented challenges on both litigants and the Court system imposed by the Covid-19 pandemic.  But Plaintiffs seek to use email offensively and defensively in an effort to defeat Revlon's proper Notice of Removal filed pursuant to the "snap" removal mechanisms affirmed by the Second Circuit in *Gibbons v. Bristol-Myers Squibb Co.*, 9191 F.3d 699 (2d Cir. 2019).  When unable to formally file the notice of removal in the New York State Electronic Courts Filing System on May 11, Revlon emailed the notice to the State Court clerk the day before Plaintiff emailed the summons and complaint to Revlon's agent. When able to formally file the notice on the New York State electronic docket, Revlon did so the day before Plaintiff formally served the New York Secretary of State on Revlon's behalf.

In deciding on motions to remand, "the federal court should be cautious about remand, lest it erroneously deprive defendant of the right to a federal forum." *Contitrade Servs. Corp. v. Eddie Bauer, Inc.*, 794 F. Supp. 514, 516 (S.D.N.Y. 1992).  A defendant is statutorily entitled to remove a state action to federal court "where the matter in controversy exceeds the sum or value of $75,000…and is between…citizens of different States."  28 U.S.C. § 1332 (a)(1).  The "forum defendant rule" of 28 U.S.C. § 1441(b)(2) defeats removal based on diversity "only when those [in-state] defendants have been '**properly joined and served**.'"  *Cheung v. Bristol-Myers Squibb Co.*, 282 F. Supp. 3d 638, 642 (S.D.N.Y. 2017) (emphasis added); *see also Gibbons*, 9191 F.3d at 699.  Here, the action was filed by Maryland residents, involves completely diverse citizens, the amount in controversy exceeds $75,000, and the Notice was filed prior to Revlon being properly served with the Complaint.  (*See* Dkt. No. 1).

Plaintiffs do not dispute there was complete diversity and satisfaction of the amount in controversy requirement at the time of removal, but allege their email to Revlon's agent sent one hour and twelve minutes before Revlon formally filed its Notice with the State's electronic filing system defeats snap removal—despite the fact Revlon had emailed its notice to the State Court Clerk on the prior day.  [See Dkt. No. 6 at 2-9 (hereinafter "Pls.' Mem.").]  If Revlon's email to the clerk was insufficient to meet its statutory obligations, then so too was Plaintiff's email to Revlon's agent.  Accepting Plaintiffs' arguments would erroneously deprive Revlon of its right to this federal forum, and Plaintiffs' arguments fail for the foregoing reasons:

## I.    REMAND IS UNWARRANTED BECAUSE REMOVAL WAS PROPER

Plaintiffs argue, without more, Revlon did not meet its burden of showing removal was proper or strict compliance with the procedural requirements of 28 U.S.C. § 1446(d).  This unsubstantiated argument should be ignored.  Courts evaluate "a defendant's right to remove a case to federal court at the time the removal notice is filed," which is generally decided by the pleadings.  *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003).  As argued *supra*, there is complete diversity of citizenship, since Plaintiffs are Maryland residents and Revlon is a Delaware corporation with its principal place of business in New York, and the amount in controversy exceeds the statutory requirement, as Plaintiffs' allege $20 million in damages.

At the time Revlon removed this action, it had not been formally served. *See Gibbons*, 919 F.3d at 699.  The Second Circuit has affirmed "a home-state defendant may in limited circumstances remove actions filed in state court on the basis of diversity of citizenship — [which] is authorized by the text of Section 1441(b)(2) and is neither absurd nor fundamentally unfair." *Id.* at 707.  As such, Revlon met its burden of demonstrating removal is proper by outlining the foregoing in its Notice of Removal.

Revlon also provided Plaintiff with notice of the removal and forwarded it to the clerk for filing prior to formal service.  The statute mandates that "[p]romptly after the filing of such notice of removal of a civil action the defendant…shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court..."  28 U.S.C. § 1446(d).  Here, Revlon provided Plaintiffs' notice when it emailed the Notice to the New York County Supreme County Court Clerk for filing using the Covid-19 special email address on May 11, 2020—at which time it was not possible to independently electronically file with the Court.  Within *one hour and 12 minutes* of being able to do so, Revlon filed the Notice of Removal when an index number was assigned.  Revlon had not been formally served prior to that time.  Revlon strictly complied with the procedural requirements of 28 U.S.C. § 1446(d) and Plaintiffs' motion should be denied in its entirety.

## II.      REVLON DID NOT VIOLATE THE FORUM DEFENDANT RULE

### A.  "Snap Removal" By An In-State Defendant Is Permissible Prior To Service.

Plaintiffs suggest that Revlon was not entitled to remove the action even if there is complete diversity because Revlon is a "citizen" of New York.  (*See* Pls.' Mem., at 5).  This argument completely misconstrues the law.  The forum defendant rule only prevents removal where a resident defendant has been "**properly joined and served**." 28 U.S.C. § 1441(b)(2) (emphasis added).  A plain reading of the forum defendant rule permits defendants to remove cases before being properly served.  *See Cheung*, 282 F. Supp. 3d at 642.  The Second Circuit in *Gibbons* expressly affirmed there is no barrier to a home-state defendant removing an action prior to service, stating that "allowing a defendant that has not been served to remove a lawsuit to federal court 'does not contravene' Congress's intent to combat fraudulent joinder."  919 F.3d at 706; *see also Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 180 (S.D.N.Y. 2003)

("Courts have held, virtually uniformly, that where, as here, [complete] diversity does exist between the parties, an unserved resident defendant may be ignored in determining removability.").  Accordingly, Revlon's New York citizenship has no bearing on the viability of the removal.

### B.  Revlon Was Not Served Prior To Filing Its Notice Of Removal.

Plaintiffs disregard Revlon's emailed notice to the clerk on May 11th, but rely upon their May 12th email to Revlon's agent as proof of service.  However, the Second Circuit has affirmed that mere receipt of the pleading does not supplant a Plaintiff's statutory obligation to effect formal service of process.  *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 202 (2d Cir. 2001) (citing *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 349-56 (1999)) (emphasis added).  "The commencement of the removal period could only be triggered by **formal service of process**, regardless of whether the statutory phrase 'or otherwise' hints at some other proper means of receipt of the initial pleading."  *Id.*  The Court in *Stan Winston* also noted that the New York State Appellate Division has held that "a process server's sworn affidavit of service ordinarily constitutes prima facie evidence of proper service pursuant to CPLR § 308(2)."  *Stan Winston Creatures, Inc.*, 314 F. Supp. at 181 citing *Bankers Trust Company of California, N.A. v. Steve Tsoukas*, 303 A.D.2d 343, 756 N.Y.S.2d 92 (App. Div. 2nd Dept. 2003); *see also Stop & Shop Supermarket Co. LLC v. Goldsmith*, No. 10-CV-3052 (KMK), 2011 U.S. Dist. LEXIS 35719 (S.D.N.Y. Mar. 31, 2011) (holding that the plaintiff had not filed the required proof of service by the date the removing defendant removed this case, and removal under 28 U.S.C. § 1441 satisfied the forum-defendant rule because at the time the notice was filed, the removing defendant had not been properly served under CPLR § 308)).

Plaintiffs' allegation that service was made at 11:47 a.m. on May 12, 2020 is not supported

by either the statute or case law.  (*See* Pls.' Mem., at 5-6).   Plaintiffs cite to CPLR § 311(a) and

N.Y. Bus. Corp. § 306(a), which refer to service of process on the secretary of state and do not

touch upon service via email.  Similarly, the cases referenced by Plaintiffs concerning service on

a registered agent and service governed by state law hold no weight as they do not pertain to

attempted service of process via email and, therefore, are not analogous to this matter. *See Robison*

*v. Tom Cawley's Aviation Serv.*, No. 17 CV 3440, 2017 U.S. Dist. LEXIS 166579 (S.D.N.Y. Oct.

6, 2017) ("when a corporation is served, service is proper at the time any 'agent authorized by

appointment or by law to receive service' receives service'") (citing CPLR § 311(a)(1));  *City of*

*Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206 (5th Cir. 2005) (holding that service was

not made by leaving a summons and complaint in the registered agent's inbox on a day when no

one could process them, but at the time the office reopened and the papers could be processed and

sent to the principal); *Tech Hills II Assocs v. Phx. Home Life Mut. Ins. Co.*, 5 F.3d 963, 968 (6th

Cir. 1993) (referring to the "general rule" that a complaint is deemed "received by a corporation

when it is received by an agent authorized to accept service of process").  Plaintiffs fail to provide

any authority to contradict Revlon was joined and served on May 13, 2020, when the Complaint

was formally served on the Secretary of State.

Here, removal was proper because it was effectuated prior to Revlon being formally served.

The Secretary of State had not been served until May 13, 2020, thus Revlon was not formally

served pursuant to CPLR § 308 until that day.  As such, removal under 28 U.S.C. § 1441 was

satisfied.

### C.  Revlon Did Not Waive Its Right To Formal Service.

Plaintiffs incorrectly argue Corporate Creations' receipt of Putnam Process Server's email

constituted formal service, which belies established principles concerning service of process.  (*See*

12

Pls.' Mem., at 6-7).  Contrary to Plaintiffs' contention, neither the email from Corporate Creations nor the Service of Process Notice indicated any agreement to waive formal service of process on behalf of Revlon.

Plaintiffs' reliance on *Alfred E. Mann Living Tr. v. ETIRC Aviation S.A.R.L.*, 2010 NY Slip Op 7412, 78 A.D.3d 137, 910 N.Y.S.2d 418 (App. Div. 1st Dept.) is of no consequence to the facts herein, as that matter concerned a contract dispute.  The *Alfred* defendant had signed a "separate unconditional, irrevocable and absolute personal guaranty" providing for notice to be served in accordance with the Funding Agreement provision that stated that "such notice or service may be effected by e-mail to [defendant] at two specified e-mail addresses." *Id.* at 138.  Here, Revlon did not contractually waive service of process.

The *Alfred* Court also addressed viability of service by email and expressly stated "both New York courts and federal courts have, **upon application by plaintiffs**, authorized e-mail service of process as an appropriate alternative method **when the statutory methods have proven ineffective**." *Id.* (emphasis added).  Here, Plaintiff did not make an application to the State Court for email service and effectively served Revlon through the Secretary of State pursuant to the statutory method.  *See* CPLR § 308; *see also Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988 (GBD), 2007 U.S. Dist. LEXIS 19780, at 1 (S.D.N.Y. Mar. 12, 2007) (in which plaintiff made a Motion for Leave for Electronic Mail and Facsimile Service of Process pursuant to Fed. R. Civ. P. 4(f)(3)); *see also Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1012 (9th Cir. 2002) (noting that "[e]mail service of process is not available absent a Fed. R. Civ. P. 4(f)(3) court decree").

Further, *Alfred* involved the defense of improper service of process in a motion for summary judgment and not for purposes of removal.  The First Department expressly distinguished

the two unique scenarios, stating:

> *Maddaloni* is not helpful, because unlike *Pieper*, the individual in that case **who was served by e-mail and ordinary mail had not waived his right to formal service of process**; rather, the court found, he had merely agreed to accept service on behalf of all the defendants. *Pieper*, by contrast, expressly waived, in writing, any right to formal service of process in an action under his guaranty.

*Id*. (citing *Maddaloni Jewelers, Inc. v Rolex Watch U.S.A., Inc.* 2002 US Dist LEXIS 21730 (SDNY Nov. 6, 2002)) (emphasis added).  Here, Plaintiffs' failed to produce any evidence Revlon consented to service by email pursuant to 22 NYCRR § 202.5-(b).  Nor did Plaintiff provide evidence of any agreement, verbal or otherwise, to accept service of process via email in lieu of formal service.  *See* Pls.' Mem., at 8 (citing to *Cohen v. Coleman*, 110 Misc. 2d 419, 422, 442 N.Y.S.2d 834, 836-37 (Sup. Ct. 1981) (holding that the defendant knowingly entered into a verbal agreement to accept service of the summons by ordinary mail to his office)).

Plaintiffs' counsel conceded they formally served the Secretary of State at 9:30 a.m. on May 13, 2020, subsequent to when Revlon's Notice of Removal was filed.  Plaintiffs argue they served the Secretary of State "out of an abundance of caution," but like *Maddaloni*, Revlon did not waive its right to formal service through the receipt of Plaintiff's email.  The verbiage used by Revlon's agent in the Service of Process Notice states the emailed Complaint was "*forwarded to [Revlon's] attention* on: 5/12/2020" with the very next sentence stating the complaint "was **served** upon the Secretary of State on 5/13/2020."  (See Ex. B) (emphasis added).  Revlon is not "walking back" any terms, because unlike *Alfred*, there was no agreement between parties. (*See* Pls.' Mem., at 9).

Further, the Chief Administrative Judge of the Courts expressly excluded "**service of commencement documents**" from its mandate regarding Covid-19 pandemic procedures, evidencing formal service requirements of the CPLR were not relaxed.  Judicial Branches and

Courts throughout the country have responded to the COVID-19 pandemic by issuing Orders amending normal court procedures.  In that vein, the New York Chief Administrative Judge of the Courts issued a March 22, 2020 Order suspending the filing of any matter not included on the list of essential matters attached on Exhibit A to the Order.[1]  On March 26, 2020, another Administrative Order allowed for the "**consensual/voluntary** use of electronic means for the filing and service of documents ("e-filing") in Supreme Court as set forth in 22 NYCRR § 202.5-b" for matters deemed essential.[2]  22 NYCRR § 202.5-b(2)(b)(1) provides that "[a] party may commence any action in the Supreme Court in any county…by electronically filing the initiating documents with the County Clerk through the NYSCEF site."  After an action is commenced, "documents may be electronically filed and served, but only by, and **electronic service shall be made only upon, a party or parties who have consented thereto**."  22 NYCRR § 202.5-(b)(2)(i) (emphasis added).  Additionally, "[i]nitiating documents may be served in hard copy pursuant to Article 3 of the CPLR…or by electronic means **if the party served agrees to accept such service**."  22 NYCRR § 202.5-b(2)(f) (emphasis added).

By serving the Secretary of State, Plaintiffs complied with their statutory obligations under the CPLR for formal service and never sought leave to email Revlon in lieu of formal service.  Accordingly, merely emailing a copy of the summons and complaint one day before formally serving same, does not constitute waiver of Revlon's right to formal service—especially considering the email was sent with a request for a "received" receipt, rather than an express representation that acknowledging receipt of the email would jeopardize Revlon's statutory rights. *Maddaloni* addressed service by email in the context of removal and *Alfred* did not.  Plaintiff has

---

[1] *See* Administrative Order of the Chief Administrative Judge of the Courts AO/78/20, dated March 22, 2020, available at https://www.nycourts.gov/whatsnew/pdf/AO-78-2020.pdf.

[2] *See* Administrative Order of the Chief Administrative Judge of the Courts AO/81/20, dated March 26, 2020, available at https://www.nycourts.gov/whatsnew/pdf/AO-81-20.pdf.

not cannot cite any precedent supporting their arguments in favor of service by email.

**D. Notice Was Properly Filed With The State Court Clerk Prior To Service Of The Complaint.**

Plaintiffs conceded that the first two prongs of 28 U.S.C. § 1446(d) are met but incorrectly contend that Revlon did not file a copy of the Notice of Removal in the Second State Court Action until after it was served with the summons and compliant.  The purpose of providing a copy of the Notice of Removal to the State Court Clerk is to inform the State Court judge of the existence of the removal petition.  *See Butler v. King*, 781 F.2d 486 (5th Cir. 1986).  Revlon could not electronically file a copy of the Notice of Removal until an index number was assigned, but sent it to the County Clerk via email on May 11, 2020 in an attempt to file the same.  Revlon e-filed the Notice of Removal with New York County Supreme Court on May 12, 2020, approximately one hour after an index number was assigned.  Accordingly, Revlon diligently notified the State Court that the removal petition existed and filed it electronically as soon as feasible.

The facts of this case are not analogous to *Hardman v. Bristol-Myers Squibb Co.*, No. 18-CV-11223 (ALC), 2019 U.S. Dist. LEXIS 65553 (S.D.N.Y. Apr. 17, 2019).  In *Hardman*, service on the forum defendants was *properly* made at 3:51 p.m. and the removing defendants filed the Notice of Removal with the state court on the same day at 6:32 p.m. and 7:06 p.m., respectively, thereby failing to effectuate removal.  *Id*. at 13.  Here, Plaintiffs rely on their email with the complaint sent shortly before Revlon's notice was electronically filed, but wholly reject the previous day's email to the clerk containing a copy of the notice.  Assuming *arguendo* Plaintiffs' contention that service of process via email is proper, which it is not, then Revlon's emailing the Notice of Removal to the New York County Supreme Court Clerk on May 11, 2020 constituted compliance with its statutory duties under 28 U.S.C. § 1446(d).  As Revlon's email was sent prior to the alleged "service" made upon Corporate Creations on May 12, 2020, Revlon would still have

met the requirement of filing the Notice of Removal in New York County Supreme Court prior to

formal service.  It is undisputed that the Secretary of State was not served until May 13, 2020,

which is the only time that it could plausibly be deemed that Revlon was properly served and, as

such, there is competent proof that Revlon properly removed the Second State Court Action prior

to formal service.  *See United Food & Commercial Workers Union v. Center Mark Props. Meriden*

*Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

### III.   REVLON IS ENTITLED TO OPPOSE THE INSTANT MOTION AND IMMEDIATE REMAND IS UNNECESSARY

Plaintiffs fail to cite *any* authority in support of their argument that Revlon is not entitled

to oppose their motion to remand.  Plaintiffs' interpretation of *Meritcare Inc. v. St. Paul Mercury*

*Ins. Co.*, 166 F.3d 214 (3d Cir. 1999) is misguided at best, as the Court never stated that a case

should "immediately" be remanded once a jurisdictional defect is discovered in an "improperly

removed case." (*See* Pls.' Mem., at 10).  In considering 28 U.S.C. § 1447(c), the Court in *Meritcare*

simply held that a district court may address the "question of jurisdiction, even if the parties do

not raise the issue."  *Id*. at 217 (the court addressed the question of subject matter jurisdiction *sua*

*sponte* and noted that plaintiff subsidiary's claim did not meet the amount in controversy required

in diversity actions).  Instead, Courts have held that when a plaintiff contests removal through a

motion to remand, the Court must "first address the issue of whether the district court had

jurisdiction to hear [the] suit."  *Vargas v. Stone Container Corp.*, 144 F. App'x 365, 366 (5th Cir.

2005).

Further, Revlon had no intention of delaying plaintiffs' deposition and advised Plaintiffs'

counsel of its amenability to scheduling the same as soon as practicable in good faith.  Therefore,

there is no reason to prejudice Revlon in disallowing its opposition and Plaintiffs' vexatious

argument concerning the same should be disregarded—especially considering the procedural

history of this matter and Plaintiffs' assertions previously set froth in its motion to dismiss the first action.

## IV.   PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS IS UNWARRANTED

There is no basis to award Plaintiffs' attorneys' fees and costs as Revlon properly removed this Action to this Court.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal" and when "an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711 (2005); *see also Comunale v. Rackover*, 2017 U.S. Dist. LEXIS 211066, at 6-7 (S.D.N.Y. Dec. 22, 2017) (denying plaintiff's request for attorneys' fees where no "unusual circumstances" or lack of objectively reasonable basis for seeking removal were shown).

Plaintiffs fail to allege any "unusual circumstances" or "objectively reasonable basis" to warrant attorneys' fees and costs and the authority relied upon by Plaintiffs' are unavailing.  *See Noel v. J.P. Morgan Chase Bank N.A.*, 918 F. Supp. 2d 123 (E.D.N.Y. 2013) (finding plaintiff was entitled to attorney fees and costs in a matter in which there was no diversity jurisdiction, nor was a federal question pled); *Excell, Inc. v. Sterling Boiler & Mech.*, 916 F. Supp. 1063, 1064 (D. Colo. 1996) (awarding plaintiff costs and fees where a defendant removed the action based on diversity of citizenship in a breach of contract claim in which an express forum selection clause was contained in the contract at issue).  Unlike *Excell*, there is no contract at issue here and Revlon has never contended, nor does it believe, that this matter would "most likely be remanded."  (*See* Pls.' Mem., at 11-12); *see also Excell, Inc.*, *supra*, 916 F. Supp. at 1066.

Further, Revlon has not unreasonably delayed this matter nor has it denied "a dying woman her day in court." (*See* Pls.' Mem., at 12).  It was Plaintiffs—not Revlon—that moved to

voluntarily dismiss the first action.  In granting Plaintiffs' voluntary motion to dismiss, this Court relied upon Plaintiffs' representations that the motion was not intended to prejudice or vex any party.  (*See* Ex. E).  Yet Plaintiff refiled the identical action to keep this litigation in New York County Supreme Court by omitting a defendant it once considered necessary, notably because WCD is not a New York defendant.  Rather than naming WCD in this action, plaintiff's counsel solicited Revlon joining WCD if it "believed it was prejudiced in any way."  (*See* Ex. G).  This is inconsistent with Plaintiffs' prior assertions in their motion to dismiss that they were merely seeking a speedy adjudication of their claims without any unwarranted vexatiousness.

If anything, Revlon should be awarded fees for having to expend time and resources in this action and the previous action.  Plaintiff's failure to name WCD in this action establishes remand is not warranted, as Plaintiff is clearly seeking to prejudice Revlon and deprive Revlon of its right to this federal forum.   Plaintiffs have provided no basis for their request for attorneys' fees and costs and, as such, their request should be denied.

## CONCLUSION

For the foregoing reasons, along with those set forth in Revlon's Notice of Removal, it is respectfully requested that this Court deny Plaintiffs' Motion to Remand in its entirety and grant any further relief as this Court deems warranted.

Dated:   June 2, 2020
      New York, New York

                                  **HAWKINS PARNELL & YOUNG, LLP**

By: _____
                              Timothy M. McCann, Esq.
                              Elizabeth B. Kelly, Esq.
                              Ashley Anderson, Esq.
                              600 Lexington Avenue, 8th Floor
                              New York, New York 10022
                              Tel: (212) 897-9655
                              tmccann@hpylaw.com

ekelly@hpylaw.com
*Attorneys for Defendant*
*Revlon Consumer Products Corporation*