UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

LAURA MCDANIEL and EDWARD MCDANIEL,

    Plaintiffs,                                            Case 1:20-cv-03649

    -against-

REVLON, INC., Individually and as
Successor-in-Interest to JEAN NATE,

    Defendants.
_____

**PLAINTIFFS REPLY MEMORANDUM IN SUPPORT OF
EMERGENCY MOTION FOR REMAND**

Jason Hodrinsky, Esq.
NY Bar No.: 4473518
**The Gori Law Firm, PC**
*Attorneys for the Plaintiff*
360 Lexington Avenue, 20th Floor
New York, NY 10017
Telephone: (646) 609-8020

i

## **TABLE OF CONTENTS**

**TABLE OF CONTENTS**……………………………………………………………………...i

**TABLE OF AUTHORITIES**…………………………………………………………………...ii

**ARGUMENT(S)**

**I.     THIS COURT SHOULD GRANT REMAND PURSUANT TO
         28 U.S.C. § 1447(C) AND 28 U.S.C. AND §1441(B)(2)** ………………………………1

**1.     SERVICE ON DEFENDANT REVLON WAS PROPER**……………………………1

**2.     DEFENDANT, REVLON, FAILED TO MEET THE SWORN STATEMENT
         REQUIREMENTS FOR REBUTTAL OF RECEIPT OF SERVICE UNDER
         NEW YORK STATE CPLR**……………………………………………………………5

**II.    SANCTIONS ARE PROPER IN THE INSTANT CASE**……………………………7

**III    CONCLUSION**……………………………………………………………………….9

# **TABLE OF AUTHORITIES**

Cases
*Baidoo v. Blood-Dzraku, 5 N.Y.S.3d 709 (Sup. Ct., N.Y. Co. 2015)* ............................. 4,5
*Bank of N.Y. v Samuels, 107 A.D.3d 653, 653 [2d Dept 2013]* .................................... 6
*Bayview Loan Servicing, LLC v Yusupova, 172 A.D.3d 669, 670 [2d Dept 201]* ........ 6
*Chittle v. Choi 2020 NY Slip Op 30739(U)* .................................................................. 6
*Deutsche Bank Natl. Trust Co. v Quinones, 114 A.D.3d 719, 719 [2d Dept 201]* ....... 6
*Indymac Fed. Bank FSB v Quattrochi, 99 A.D.3d 763, 764-765 [2d Dept 2012]* ........ 6
*Mississippi Publishing Corp. v. Murphree, 326 U. S. 438, 444-445 (1946)* .................. 4
*Mortgage Elec. Registration Sys., Inc. v. Losco, 125 A.D.3d 733, 733 [2d Dept 2015]* ... 6
*Mullane v. Central Hanover Bank & Trust Co 339 U.S. 306 (1950)* ............................ 2
*Murphy Bros. v. Marchetti Pipe Stringing, 526 U.S. 344, 349-56 (1999)* .................... 4
*Nationstar Mtge., LLC v Dekom, 161 A.D.3d 995, 996 [2d Dept 2018]* ...................... 6
*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U. S. 97, 104 (1987)* ..................... 4
*Purzak v Long Is. Hous. Servs., Inc., 149 A.D.3d 989, 991-992 [2d Dept 2017]* ......... 6
*U.S. Bank N.A. v. Aorta, 176 A.D.3d 755, 756 [2d Dept 2019]* .................................... 6
*Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 202 (2d Cir. 2001)* ........................... 3,4

Other Authorities

28 U.S.C. § 1441(b)(2)……………………………………………………………………..1
28 U.S.C. § 1447(c)……………………………………………………………...…………1
NYS CPLR……………………………………………………………………………….5
NYS CPLR 308(2)……………………………………………………………………….5
NYS CPLR 308(4)……………………………………………………………………….5
NYS CPLR 312-a(b)(1)…………………………………………………………………7
U.S. District Courts–
      Civil Statistical Tables For The Federal Judiciary (December 31, 2019) ………....8

Plaintiffs Laura and Edward McDaniel ("Plaintiffs"), submit this reply in further support of Plaintiffs' Emergency Motion for Remand in this action against Defendant(s) Revlon, Inc.

## I.   THIS COURT SHOULD GRANT REMAND PURSUANT TO 28 U.S.C. § 1447(C) AND 28 U.S.C. AND §1441(B)(2)

### 1.   SERVICE ON DEFENDANT REVLON WAS PROPER

The vast majority of the arguments made by Defendant Revlon, Inc. ("Revlon") are fully addressed and countered in Plaintiffs' initial motion. Thus, this reply brief only highlights Defendant's citations to unpersuasive and factually incongruous authorities.

Defendants attempt to discredit the statutory provisions and caselaw cited by Plaintiffs in their principal motion-brief that request remanding the case back to New York State Court by arguing that Defendants have properly and timely filed their notice of removal in accordance with 28 U.S.C. § 1441(b)(2), also known as the "Forum Defendant Rule". Thus, Defendant attempts to conflate the already well-settled issue(s) of process of service, procedure(s) of proper removal and the application of remand.

As stated in the Plaintiffs' moving papers, Revlon's actions were improper and are in clear violation of the Forum Defendant Rule. Revlon was, and continues to be, a citizen of New York who was properly served prior to the Defendant filing the Notice of Removal in the state court action. Further, Defendant, Revlon admits that its own registered agent, Corporate Creations Network, Inc.'s forwarded the electronically served complaint on May 12, 2020 to its attention. It should be noted, once again, that Corporate Creations Network Inc.'s policy during the Covid-19 pandemic was to act in accordance with the New York State guidelines by closing their offices, not accepting physical service and implementing their *own* policy of receiving service via a centralized electronic mail system, which Plaintiff adhered to.  Plaintiff **was not seeking**

**alternative service** as Defendant alleges in its Opposition, but rather following the protocols set in place by Corporate Creations Network Inc.  When the process server appeared at Corporate Creative Network Inc.'s offices to serve the physical papers they were turned away and followed instructions on how to complete service provided by Defendant's registered agent. This is further confirmed by the email correspondences between Corporate Creative Network Inc. and the process server (*See Plaintiff's Motion for Remand - Exhibit 5*)

When authorizing service via electronic mail, New York courts require compliance with New York State procedural rules and constitutional due process.  The state's interest in bringing its citizens' issues to final settlement must be balanced against the individual's interest in the opportunity to be heard as protected by the 14thAmendment.  While there is no specific test for due process, the United States Supreme Court in *Mullane v. Central Hanover Bank & Trust Co  339 U.S. 306 (1950)* proclaimed due process requirements from precedent and required service to be reasonably calculated to apprise interested parties of the action. Due process requires that the method chosen for notice be crafted with the purpose of actually informing the defendant.

Here, service via electronic mail was properly executed since: (i) electronic communication to the Defendant's registered agent was **required** at the time the summons and complaint was sent, received and acknowledged by Defendant's agent, providing the statutory notice of the pending action to Defendant, and (ii) receiving the summons via electronic mail is not substantially less likely to provide notice than the customary methods of providing such notice. Additionally, at the time of service the customary methods of service were ultimately *forbidden* during the statewide lock down amid the Covid-19 crisis.

The issue of consent is misplaced as it was Corporate Creation Network, Inc.'s own policy

2

that is at issue here.  How can the Defendant argue Plaintiff erred in not seeking the Court's permission, when it was its own agent that implemented the policy it now disputes.  The facts are clear: 1) there was a posted notice on Corporate Creations Network, Inc.'s, Defendant's registered agent, offices instructing process servers to call a specific number upon arrival; 2) upon calling the posted telephone number, the process server received verbal instruction to send service by electronic mail to the provided e-mail address, which he promptly did; 3) Corporate Creations Network, Inc. quickly replied confirming "New York service on behalf of Revlon, Inc."   (*See Plaintiff's Motion for Remand - Exhibit 5*) Based on the totality of the actions by the Defendant's registered agent and Plaintiffs' adherence to same, it is impossible for Plaintiffs to have believed anything other than Defendant *required* to be served electronically and acknowledged proper service upon receipt.  It was not until subsequent discussions with Defendant's attorney, post filing of the notice of removal, that there was any indication of service of process being disputed.

In addition to the unsubstantiated dispute of proper service,  Revlon, now attempts to make the false equivalency that its counsel's email to the New York State County Clerk alerting of them of their intent to file for removal, **prior** to an index number being generated, absolves them of adhering to the proper procedures of removal. Revlon notably fails to mention the obvious, that *prior* to assignment of the index number from the County Clerk that it was **impossible** for Plaintiff to serve the summons and complaint on Defendant.  Thus, both Plaintiff and Defendant were waiting for the index number to be issued by the County Clerk and when Defendant finally decided to check for the index number assignment, they had already been served with process through their registered agent, Corporate Creative Network, Inc.

Defendant erroneously argues that the holding in *Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 202 (2d Cir. 2001)* is applicable to the instant case by citing "The commencement of the

removal period could only be triggered by **formal service of process**, regardless of whether the statutory phrase 'or otherwise' hints at some other proper means of receipt of the initial pleading." (citing *Murphy Bros. v. Marchetti Pipe Stringing*, 526 U.S. 344, 349-56 (1999)).  As the Court held in that case "In the absence of service of process (**or waiver of service by the defendant**), a court ordinarily may not exercise power over a party the complaint names as defendant. See *Omni Capital Int'l, Ltd.* v. *Rudolf Wolff & Co.,* 484 U. S. 97, 104 (1987) ("Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi Publishing Corp.* v. *Murphree,* 326 U. S. 438, 444-445 (1946) ("[S]ervice of summons is the procedure by which a court ... asserts jurisdiction over the person of the party served.")...Unless a named **defendant agrees to waive service**, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." (*Emphasis added*) (*Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 350-351 (1999))

      Here, Plaintiff's case is clearly distinguishable from *Whitaker* as in that case the issue arose from the question regarding whether a summons with notice but without the complaint attached is to be considered an "initial pleading" which would start the 30 day clock in when a defendant can file for removal. In the instant case,  Plaintiffs have formally served *both* the summons and complaint, outlining their claims in full, to the Defendant in accordance with its own registered agent's protocols for effecting proper service during the Covid-19 pandemic, which is in line with the holding of the United States Supreme Court in *Murphy Bros.*

      Assuming, arguendo, that there is merit to Defendant's claim that electronic service is inherently fault.  New York State courts have taken on the very issue in *Baidoo v. Blood-Dzraku, 5 N.Y.S.3d 709 (Sup. Ct., N.Y. Co. 2015*). The *Baidoo* case dealt with similar issue(s) as presented

here, whether electronic service is an acceptable means of service of papers on a defendant and whether it follows New York State's CPLR requirements. In *Baidoo,* plaintiff had filed for a divorce and found it impossible to personally serve the defendant which after failed attempted. In turn, plaintiff served the defendant electronically via Facebook. In determining whether this was effective service, the court held that in order for her application to be granted, the plaintiff must meet three prongs: (i) "plaintiff must first demonstrate that she is unable to have the summons personally served on defendant, the method of service initially prescribed by DRL § 232(a). (ii) plaintiff must show that it would be "impracticable" to serve defendant by "substitute service" on a person of suitable age and discretion (CPLR 308[2]) or by using "nail and mail" (CPLR 308[4]). Finally, (iii) plaintiff must show that sending the summons electronically can reasonably be expected to give defendant actual notice that they are being sued.

Here, Plaintiff's case is analogous with the holding in *Baidoo* in that (i) Plaintiff attempted to personally serve the Defendant at its registered agent's physical location in accordance with the New York CPLR, (ii) due to the Covid-19 pandemic and the rules promulgated by New York State to combat the spread of the virus it was not only impractical, but *impossible*, to substitute service to another person of suitable age and discretion, and (iii) as argued above, as well as in the original moving papers, that upon arriving at the Revlon's registered agent location for physical service, the process server was subsequently instructed to serve the papers electronically, with confirmation and acknowledgement of receipt sent by Revlon's agent, would only leave the Plaintiff with the reasonable expectation that service was complete and the Defendant was given actual notice of the pending action against them.

    **2.** **DEFENDANT, REVLON, FAILED TO MEET THE SWORN STATEMENT REQUIREMENTS FOR REBUTTAL OF RECEIPT OF SERVICE UNDER NEW YORK STATE CPLR**

Further, when disputing service, which Defendant appears to be doing here, it is required that the opposition papers include a sworn denial of service containing facts in enough specificity to rebut the presumption of proper service.  In *Chittle v. Choi 2020 NY Slip Op 30739(U),* the court held that an "affidavit of service provides prima facie evidence of proper service and shifts the burden to the moving defendant to rebut the presumption of proper service" (quoting *Deutsche Bank, 114 AD3d at 719*). Even if the Defendant provides a sworn denial or dispute of service, such a statement would then support an evidentiary hearing, not a denial of Plaintiffs' motion. ("Though bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing") *(Bayview Loan Servicing, LLC v Yusupova, 172 A.D.3d 669, 670 [2d Dept 2019]* [internal quotation marks and citations omitted]). Critically, the sworn denial of service must be that of the defendant (see *U.S. Bank N.A. v. Aorta, 176 A.D.3d 755, 756 [2d Dept 2019]; Nationstar Mtge., LLC v Dekom, 161 A.D.3d 995, 996 [2d Dept 2018]; Mortgage Elec. Registration Sys., Inc. v. Losco, 125 A.D.3d 733, 733 [2d Dept 2015]; Bank of N.Y. v Samuels, 107 A.D.3d 653, 653 [2d Dept 2013]; cf. Indymac Fed. Bank FSB v Quattrochi, 99 A.D.3d 763, 764-765 [2d Dept 2012]* [wherein the Appellate Division discusses the sufficiency of a sworn denial of a nonparty "agent" who received service of process on behalf of a defendant]; but see *Purzak v Long Is. Hous. Servs., Inc., 149 A.D.3d 989, 991-992 [2d Dept 2017]).*"

Here, Defendant has failed to provide any sworn denial of service with any specific facts to rebut the series of events outlined in the process server's affidavit of service. As laid out by the court in *Chittle* "unsubstantiated denials are insufficient to rebut the presumption of service". Ultimately, Revlon has provided no evidence through sworn statements by Corporate Creations

Network, Inc.to rebut the process server's affidavit of service and record of events. If not summarily denied, an evidentiary hearing should be held to determine the validity of Revlon's arguments.

Under New York State CPLR § 312-a(b)(1) which dictate the completion of service, in relation to service by mail that "The defendant, an authorized employee of the defendant, defendant's attorney or an employee of the attorney must complete the acknowledgement of receipt and mail or deliver one copy of it within thirty (30) days from the date of receipt. Service is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender. The signed acknowledgement of receipt shall constitute proof of service." As stated above, Defendant Revlon did acknowledge service via electronic mail on Tuesday, May 12, 2020 at 11:47 a.m. (see Exhibit 5 of *Plaintiffs Emergency Motion for Remand*) thereby affirming that service was complete.

## II.   SANCTIONS ARE PROPER IN THE INSTANT CASE

Finally, in relation to the Defendant's argument(s) that attorney fees and sanctions are not applicable here because Plaintiff failed to allege "unusual circumstances" or an "objectively reasonable basis" that would warrant such an action fails on its face. As stated within Plaintiff's original motion, this case would have been accepted into the New York City Asbestos Litigation (NYCAL) In-Extremis Trial Cluster, also known as the "Accelerated Trial Cluster" case docket which as the name implies, has an accelerated discovery schedule. The requirements to be included in this cluster is that (1) plaintiff must be living at the time of application, (2) have a terminal illness with an expected life expectancy of less than one year (i.e. Mesothelioma and Lung Cancer Stage III or IV) and (3) have a pending lawsuit. Here, Plaintiff meets all three requirements as she has been diagnosed with Mesothelioma, has a pending case and she is still living. (*See Plaintiff's*

*Motion for Remand Exhibit 11 - Section XV and NYCAL CMO "Exhibit B'*) Considering the serious and debilitating nature of her disease, Plaintiff Laura McDaniel would have qualified for admission into this accelerated NYCAL *In Extremis* docket and could reasonably expect to receive a trial setting in twelve to eighteen months, as opposed to 34.8 months, the median time for disposition during trial in this District. *See* Table C-5—U.S. District Courts–Civil Statistical Tables For The Federal Judiciary (December 31, 2019) (available at https://www.uscourts.gov/statistics/table/c-5/statistical-tables-federal-judiciary/2019/12/31) (last visited June 5, 2020). As time was of the utmost essence, due to both the aggressive and deadly nature of Plaintiff Laura McDaniel's Mesothelioma and the impending deadline of submission into this case grouping, Defendants have erroneously filed their motion for removal thereby forcing Plaintiff to miss the application for inclusion deadline. In doing so, even if this Court grants Plaintiff's motion for remand, she will need to survive until mid to late August 2020 in order to be admitted into the next *In Extremis* Cluster. In the likely event she passes away prior to acceptance into this group, her case would be then fall into the NYCAL First In, First Out (FIFO) docket that would then put Plaintiff's case in the back of the line behind the thousands of cases filed prior to her filing. Additionally, as Defendant is well aware, the managing judge of the NYCAL docket, Honorable Manuel J. Mendez, realizes the urgency of these cases so much so that **all** living *In Extremis* cases are pushed to the front of the line for trial judge assignment after discovery schedule has been completed. Here, Plaintiff has clearly shown and demonstrated that "unusual circumstances" and an "objectively reasonable basis" that would warrant such action since Plaintiff has an extremely shortened life expectancy due to her terminal and aggressive cancer which is in concert with New York County courts, since they have intentionally set up an entire court system with specific procedures to ensure plaintiffs *exactly* like McDaniel have the opportunity to have their day in

courts prior to dying from their terminal disease caused by exposure to Defendant's asbestos containing product(s).

### III.     **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court remand this case to the Supreme Court of the State of New York award Plaintiffs their reasonable attorneys' fees and costs incurred in connection with the improper removal of this case.

Dated: June 5, 2020

                                                           _____
Jason Hodrinsky, Esq.
**The Gori Law Firm, PC**
*Attorneys for the Plaintiff*
360 Lexington Avenue, 20th Floor
New York, NY 10017
Telephone: (646) 609-8020

9