USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/2/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
LAURA MCDANIEL and EDWARD :
MCDANIEL, :
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Plaintiffs, :　　　　20-CV-3649 (VSB)
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　- against -　　　　　　　　:　　　　**OPINION & ORDER**
　　　　　　　　　　　　　　　　　　　　　:
REVLON, INC., Individually and as :
Successor-in-Interest to JEAN NATE, :
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Defendant. :
　　　　　　　　　　　　　　　　　　　　　:
-----------------------------------------------------------X

Appearances:

Jason Michael Hodrinsky
Gori Julian & Associates, P.C
New York, NY
*Counsel for Plaintiffs*

Walsy K. Saez Aguirre
Timothy M. McCann
Hawkins Parnell & Young, LLP
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

　　　　Before me is Plaintiffs' motion to (1) remand this action to the Supreme Court of New York, New York County pursuant to 28 U.S.C. § 1447(c) and 28 U.S.C. § 1441(c), and (2) award attorneys' fees. (Doc. 6.) Because Plaintiffs' service by email was proper and Defendant failed to timely file its notice of removal with the Supreme Court of New York, Plaintiffs' motion to remand is GRANTED. Because I find that Defendant made colorable arguments in opposition to Plaintiffs' motion to remand, Plaintiffs' request for attorneys' fees is DENIED.

## I. Procedural History

Plaintiffs commenced this action by filing a Summons and Verified Complaint in the Supreme Court of New York, New York County, on May 11, 2020 against Revlon Inc. ("Revlon") as the defendant. (Doc. 6-2, Ex. 2.).

On May 11, 2020, Defendant filed a notice of removal, stating that the case was removable to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1441(b) and (c). (Doc. 1.) Defendant also filed its answer and crossclaim ("Answer"). (Doc. 3.) Plaintiffs served Defendant on May 12, 2020, 43 minutes after the state court clerk assigned the case an index number. (Doc. 6 at 1; Doc 6-4, Ex. 4; Doc. 6-5, Ex. 5.) Plaintiffs filed an affidavit of service stating service of the Verified Complaint was made on Revlon on May 12, 2020 by email to process@corpcreations.com. (Doc. 6-5, Ex. 5.)

Plaintiffs filed their motion for remand with exhibits on May 19, 2020, within the thirty-day period prescribed by 28 U.S.C. § 1447(c). (Doc. 6.) On June 2, 2020, counsel for Defendant filed its opposition with exhibits to Plaintiffs' motion to remand. (Doc. 8.) Plaintiffs filed a reply memorandum of law in further support of their motion to remand on June 5, 2020. (Doc. 11.)[1]

## II. Legal Standards

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[a] civil action otherwise removable solely

---

[1] Defendant filed a motion to dismiss on January 25, 2021. (Doc. 15.) Briefing on this motion was completed on March 2, 2021. (Doc. 21.) Because I grant Plaintiffs' motion to remand, I do not address the pending motion to dismiss.

2

on the basis of [diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). A defendant seeking removal of a civil action from state court must file "in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). When an action is removed pursuant to 18 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

"In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citation omitted); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.") (internal quotation marks omitted); *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d

Cir. 2007) ("[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states, we must resolve any doubts against removability.") (internal quotation marks omitted).

### III. Discussion

Plaintiffs argue that the forum defendant rule, 28 U.S.C. § 1441(b)(2), mandates remand because Revlon is a citizen of New York, and Plaintiffs served Revlon prior to its filing of the Notice of Removal. (Doc. 6, at 6–7.) Revlon argues that it did not violate the forum defendant rule because it filed its Notice of Removal before Plaintiffs effectuated service. Plaintiff is correct.

#### A. *The Forum Defendant Rule*

"Under [the forum defendant] rule, which is set out at 28 U.S.C. § 1441(b)(2), a suit that is otherwise removable solely on the basis of . . . [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–05 (2d Cir. 2019) (internal quotation marks omitted). "The statute plainly provides that an action may not be removed to federal court on the basis of diversity of citizenship once a home-state defendant has been 'properly joined and served.'" *Id*. at 705 (quoting 28 U.S.C. § 1441(b)(2).) "By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." *Id*.

#### 1. Service by Email was Proper

##### a. Plaintiffs Failed to Demonstrate Impracticability

At issue is whether or not Defendant was properly served. Plaintiffs argue Defendant was properly served by email on May 12, 2020 as instructed by Corporate Creations Network

Inc. ("Corporate Creations"), Revlon's registered agent in New York State. (Doc. 6, at 7.) Plaintiffs claim that due to the stay at home order in place in New York at the time, Corporate Creations directed them to serve Defendant by email to the their process@corpcreations.com email address. (*Id.*) Defendant argues that "formal service was not made until May 13, 2020," and therefore Revlon had properly removed the case to federal court. (Doc. 8, at 6.)

Service of process upon a corporation in New York is governed by N.Y. C.P.L.R. § 311. "Under New York law, service may be made 'upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service.'" *Polidora v. Dagostino & Assocs.*, No. 19-CV-01290 (AJN), 2020 WL 6746252, at *4 (S.D.N.Y. Nov. 17, 2020) (quoting N.Y. C.P.L.R. § 311(a)(1)). Service on a registered agent is sufficient. *See S.E.C. v. Morton*, No. 10 Civ. 1720(LAK)(MHD), 2011 WL 1344259, at *11 (S.D.N.Y. Mar. 31, 2011), *report and recommendation adopted*, No. 10 Civ. 1720(LAK), 2011 WL 11768504 (S.D.N.Y. Nov. 3, 2011) (finding that service by mail to a registered agent for two corporate entities was sufficient). "If [Plaintiffs] can demonstrate that service using these methods is 'impracticable,' then [Plaintiffs] may serve [Defendant] 'in such manner as the court, upon motion without notice, directs.'" *Platina Bulk Carriers Pte Ltd. v. Praxis Energy Agents DMCC*, No. 20 Civ. 4892 (NRB), 2020 WL 6083275, at *2 (S.D.N.Y. Oct. 15, 2020) (quoting N.Y. C.P.L.R. § 311-a(b)). "While . . . it is not necessary to make a showing of due diligence or of actual prior attempts to serve a party under the other provisions of the statute . . . the party moving for authorization to effect service by a method not prescribed by statute must make some showing that other prescribed methods of service could not be made." *Silverman v. Sito Mktg. LLC*, No. 14-CV-3932 (WFK), 2015 WL 13651281, at *4 (E.D.N.Y. Mar. 9, 2015) (internal quotation marks omitted.) "The meaning of

'impracticable' will depend upon the facts and circumstances of the particular case." *Ortiz v. Green Bull, Inc.*, No. 10-CV-3747 (ADS)(ETB), 2011 WL 5553834, at *2 (E.D.N.Y. Nov. 14, 2011) (internal quotation marks omitted). "New York courts have construed § 311 broadly." *Dezonie v. Asset Prot. & Sec., Inc.*, No. 08CV11261 (HB), 2009 WL 1873527, at *4 (S.D.N.Y. June 30, 2009) (internal quotation marks omitted). "[A]lternate service upon a corporation must first [be] approved by the Court." *Acme Widget, L.P. v. Q Inv'rs. Grp., Inc.*, No. 10 CV 2204 (SET), 2011 WL 13323550, at *2 (E.D.N.Y. Mar. 14, 2011), *report and recommendation adopted*, No. 10CV2204SLTCLP, 2011 WL 13323547 (E.D.N.Y. Apr. 27, 2011).

In this instance, Plaintiff failed to request alternate service from the court before serving Plaintiff by email. Although service was impracticable because Corporate Creations was closed due to COVID-19, Plaintiff cannot rely on impracticability to demonstrate service by email was proper.

### b. Defendants Consented to Service by Email

Although Plaintiffs may not rely on impracticability, Defendants did consent to service by email. As an initial matter, Defendant does not deny that Corporate Creations is Revlon's agent for service of process. Corporate Creations, in its capacity as agent for Revlon, consented to service by email. Courts in New York have held that a "plaintiff's service of process was deemed complete when defendant's registered agent . . . was served, regardless of whether it ultimately reached defendant." *Salish Lodge LLC v. Gift Mgmt. Inc.*, 192 A.D.3d 410, 411 (2021). Further, a registered agent may agree to change or waive service of process. *See, e.g.*, *Maddaloni Jewelers, Inc. v. Rolex Watch U.S.A., Inc.*, No. 02 Civ. 6438(SAS), 2002 WL 31509881, at *4 (S.D.N.Y. Nov. 6, 2002) (noting that an agent's acceptance of papers "without complaint or insistence on formal service" can constitute waver of formal service.) "An

agreement regarding the manner of service of process need not be reduced to writing." *Id.* at *3. After Plaintiffs' process server was directed to email the documents, Plaintiffs emailed Corporate Creations, Revlon's registered agent, the Summons and Complaint and specified that it was doing so "for service upon [] Revlon." (Doc. 6-5. Ex. 5.) Corporate Creations replied, "confirm[ing] receipt of the New York service on behalf of Revlon, Inc. on May 12, 2020." (*Id.*)

Courts in this district have concluded that an email exchange where a party agrees to accept service by email may constitute a binding agreement. Here, *Nguyen v. Am. Express Co.*, 282 F. Supp. 3d 677 (S.D.N.Y. 2017) is instructive. In *Nguyen* Plaintiffs asked Defendants to "let [them] know if you will accept service of process on behalf of the [] defendants." *Id.* at 680. Defendants' counsel replied, "I am authorized to accept service on behalf of American Express pursuant to a 60 day waiver of service." *Id.* Defendants argued that they were properly served only when a written stipulation memorializing the terms agreed to in the email exchange was executed a month later. The Court held that "[a]bsent any language suggesting that the agreement was contingent on other factors, the [] email communications demonstrate a binding agreement, effective as of that date." *Id.* at 681. The attorney in *Nguyen* was authorized to accept service on behalf of Defendants just as Corporate Creations was for Revlon. *Id.* The email exchange between Plaintiff and Defendant's registered agent is analogous to the exchange the court found sufficient to constitute waiver in *Nguyen*. As such, I find that Plaintiffs properly served Defendant by email on May 12, 2020.

### 2. Notice was Not Properly Filed with the State Court Clerk

Defendant contends that its May 11, 2020 email to the County Clerk constitutes a properly filed notice of removal. (Doc. 8, at 16.) This is incorrect. Defendant emailed the Court Clerk asking that the Clerk accept its attached Notice of Removal for filing. The Clerk replied

7

the same day notifying Defendant that it could e-file the document. (Doc. 8-6, Ex. 6.) Based on Defendant's submission, Defendant never responded to the County Clerk to refute their claim that the document could be e-filed since the matter was a pre-existing one. Defendant cannot now, after failing to rebut the Clerk's explanation for why their notice of removal could have properly been e-filed, rely on this communication to show that their email constitutes a properly filed notice of removal. As such, I conclude that Defendant failed to satisfy 28 U.S.C. ¶ 1446(d)'s requirement that the party requesting removal "file a copy of the notice with the clerk of [the] State court."

### B. Plaintiffs' Request for Attorneys' Fees is Denied

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011). The Second Circuit has also held that a court should deny a request for attorneys' fees unless a defendant's grounds for removal are clearly barred by established federal law. *Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011) (summary order) ("[I]f clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees.") (internal quotation marks omitted).

Here, it is clear that counsel in this litigation are vigorously representing their clients, and the parties appear to have been engaged in a race to the courthouse. In spite of the contentious nature of the litigation, the parties seem to each recognize that COVID-19 has created an

unprecedented public health crisis that has resulted in altered, frequently changing rules in the courthouses throughout the country, including in New York City. In light of the unique circumstances under which this matter came before me, Plaintiffs' success was not a foregone conclusion. Because I find that Defendant made colorable arguments for removal, I decline Plaintiffs' request for attorneys' fees and other costs.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion is GRANTED IN PART and DENIED IN PART. Plaintiff's motion to remand is GRANTED and this case is remanded to the Supreme Court of the State of New York, New York County. Plaintiff's motion for an award of attorneys' fees related to the motion to remand is DENIED.

The Clerk of Court is respectfully directed to terminate the open motion at Document 6 and to close this case.

SO ORDERED.

Dated: July 2, 2021
      New York, New York

                                               Vernon S. Broderick
                                               United States District Judge